SAVILLE V. CHALMERS.

Conveyance: WARRANTY DEED : PAROL WARRANTY AS TO QUALITY OF LAND : MERGER. A prior parol warranty as to the quality of land conveyed by an ordinary warranty deed is not merged in the deed, and for a breach of it the grantor is liable to the grantee in damages. (See cases cited in opinion.)

| 76 | 325 |
|-----|-----|
| d93 | 446 |

| 76 | 325 |
|-----|-----|
| 104 | 512 |

| 76 | 325 |
|-----|-----|
| 118 | 195 |

| 76 | 325 |
|-----|-----|
| 134 | 547 |

*Appeal from Washington District Court.*—Hon. DAVID RYAN, Judge.

FILED, DECEMBER 21, 1888.

THIS is an action at law to recover for the breach of an alleged parol warranty as to the quality of certain land. There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*J. F. Henderson* and *H. & W. Scofield,* for appellant.

*Jackson Roberts* and *A. H. Patterson & Sons,* for appellee.

ROTHROCK, J.—It appears from the averments of the petition that the plaintiff conveyed to the defendant sixty-four acres of land, by a deed of warranty in the usual form. Said land was situated in Washington county, in this state. As a consideration for said land, the defendant at the same time conveyed to the plaintiff, by a like deed, one hundred and sixty acres of land, situated in the state of Kansas, and paid to plaintiff the sum of one hundred dollars. That said conveyances were made and money paid in pursuance of a prior parol agreement between the parties, in which the defendant guarantied and warranted the Kansas land to be good land, free from alkali, "buffalo wallows" and other bad

lands; excepting five acres in the southeast corner, which was alkali and "buffalo wallows." That plaintiff had never seen said land, and so stated to defendant, and that he would rely on defendant's statements, and that defendant stated that he might do so, and that he would be responsible to plaintiff for any damages he might sustain by relying on defendant's statements. That said Kansas land was not good land, but was chiefly alkali land, and mostly covered with "buffalo wallows," and the entire tract was of little value; whereby plaintiff was damaged in the sum of one thousand dollars. The demurrer was upon the ground that the parol contract set up in the petition was merged in the deed, and no recovery could be had upon the parol contract made prior to the deed.

The sole question to be determined by the appeal is whether the deed to the Kansas land precludes the plaintiff from recovering damages on a prior parol warranty of the quality of the land. That the defendant would be liable for deceit, in making fraudulent representations as to the quality of the land, there can be no doubt. *Clark v. Ralls*, 50 Iowa, 275. Where there is a bill of sale of personal property, being a written contract between the parties, it is not allowable to show that, in addition to the stipulations therein contained, there was a prior or contemporaneous parol warranty. *Mast v. Pearce*, 58 Iowa, 579; *Reed v. Wood*, 9 Vt. 285; *Jolliffe v. Collins*, 21 Mo. 341; *Lamb v. Crafts*, 12 Metc. 353. The rule rests upon the familiar principle that the writing is supposed to contain all of the contract between the parties, and that it cannot be added to nor varied by parol. But we think no such rule can properly be held applicable to the ordinary conveyance of real estate. It is the mere transfer of the title—a delivery, so to speak—of the subject of the contract. It is the act of but one of the parties, made pursuant to a previous contract, either in parol or in writing. In *Trayer v. Reeder*, 45 Iowa, 272, it is said: "The deed is evidence of the final consummation of some contract previously made, but is not evidence of the contract."

Saville v. Chalmers.

In that case the defendant conveyed land to the plaintiff, and made a parol contemporaneous agreement with him to keep up a certain line fence, and it was held that the parol contract was valid. In *Green v. Batson*, 71 Wis. 74, it was held that, where land was conveyed by a deed in the usual form, damages were recoverable upon a parol warranty of the quality of the land. That case is precisely in point, and the reasoning of the opinion is much the same as in *Trayer v. Reeder*, *supra*. It is not to be supposed that the whole contract between the parties is incorporated in the deed made by the grantor in pursuance of, or as the consummation of, the sale of land. There are many things pertaining to the contract which it is manifest are never inserted in the deed. Evidence of the parol contract does not, therefore, affect the deed, or change it in any respect. Counsel for appellant cite a large number of cases which, in our opinion, are not really at variance with the rule. One of these is claimed to be in point. It is the case of *Eighmie v. Taylor*, 98 N. Y. 288. That case was the conveyance of a lease of certain oil-lands. The conveyance was not in the ordinary form of warranty deed. It was more in the nature of an assignment of an interest in the land. It contained other stipulations than that contained in a deed. There were two other writings between the parties in reference to the subject of the contract. It was held that, taking all of the writings together, they showed a full, definite and completed agreement of bargain and sale, and must be conclusively presumed to contain the whole contract, and that an oral warranty as to the capacity of the oil-wells on the land could not be shown. This statement of the case makes it manifest that it has no application to the case at bar. It is unnecessary to discuss the other cases cited by counsel for appellee. They do not appear to be in point. In our opinion, the demurrer to the petition should have been overruled.

REVERSED.