RUTH SUTCLIFFE and FRED TOWNSEND, Appellants, v. J.
D. PENCE, Appellee.

**Appeal:** DEFECTIVE ABSTRACT: AMENDMENT. An appeal will not be
1 dismissed because the original abstract was not subscribed by
appellant's counsel, or because the same was not certified, where
counsel's name appeared on the opening page of the abstract and
both omissions were cured by an amendment.

**Conveyances:** CONSIDERATION: PAROL EVIDENCE. While a deed is the
2 culmination of the contract for the sale of land it rarely con-
stitutes the full agreement; and although a grantor can not show
a total want of consideration where one is expressed the nature
and amount of the same may be inquired into. So that under a
deed expressing a stated consideration, but excepting from the
description the "railroad right of way," it was competent to show
that in addition to the expressed consideration the grantor was
to have whatever might be recovered for the right of way.

**Money had and received:** RECOVERY. Where a party by implied
3 if not express consent permits the use of his name in litigation
for the benefit of another, he can not because of such use of
his name hold the money recovered to his own use.

**Same:** EVIDENCE. In this action to recover money had and received
4 evidence that defendant had stated that he would not give plain-
tiff an order for the money but that she might get it if she could

was admissible, over the objection that it was a conclusion and hearsay.

**Same:** CONFIDENTIAL COMMUNICATIONS: REVIEW ON APPEAL. An objection to evidence because a confidential communication from client to attorney will not obtain, as against the uncontradicted testimony of the attorney that the relation did not exist; and if good the objection will not be considered on appeal unless first raised in the trial court.

*Appeal from Monroe District Court.*—HON. D. M. ANDERSON, Judge.

WEDNESDAY, OCTOBER 16, 1912.

ACTION at law to recover a sum of money alleged to have been received by the defendant for the use of the plaintiff, Ruth Sutcliffe. There was a directed verdict for the defendant, and plaintiffs appeal. The material facts are stated in the opinion.—*Reversed.*

*Dashiell & Mason,* for appellants.

*Charles E. Miller* and *John R. Price,* for appellee.

WEAVER, J.—The record without substantial conflict tends to show that in the year 1900 the plaintiff, Ruth Sutcliffe, was the owner of a tract of land which she sold and conveyed to the defendant. Prior to said sale, a railroad company had located and taken possession of a right of way across said land, and Mrs. Sutcliffe had an unsettled claim against said company for damages on account of such appropriation of her property, and such claim was then in litigation. In negotiating for the land, Pence did not wish to assume any responsibility for the lawsuit, and it was orally agreed between said parties that as a part consideration for the conveyance Mrs. Sutcliffe should receive from Pence a payment of $1,800 and that, in addi-

tion thereto, she should receive whatever might be recovered in damages from the railroad company. The deed delivered in pursuance of said sale makes conveyance of the property describing it by the government survey "excepting railroad right of way." For a period of two years after the conveyance, the action against the railway company was prosecuted in the name of Mrs. Sutcliffe, when the question of her right so to do was raised by the company, and counsel advised suing the claim in the name of Pence for her benefit and dismissing the original action. This was done. Pence did not employe or undertake to pay counsel, nor was it then understood by any one that he had any real or substantial interest in the claim. Prior to the bringing of said action, counsel representing Mrs. Sutcliffe interviewed Pence, who disclaimed any interest in the litigation, and did not wish to be made liable for any costs so incurred. He was assured that he would be protected against any such liability, and that Mrs. Sutcliffe would take care of the question of costs. He did not forbid the use of his name, and thereupon the attorneys, with his knowledge and under the employment of Mrs. Sutcliffe, brought the suit, and prosecuted it to a successful conclusion. The amount of the judgment was paid into the hands of Fred Townsend, one of the attorneys prosecuting the action, and for his own protection he asked Pence to give him an order, directing its payment to Mrs. Sutcliffe. This Pence refused to do, saying, in substance, that he "never agreed to help her get the money," and that, if she would give him a share of it, he would consent to its being turned over to her. On another occasion, in response to her personal demand, he said: "No; I won't give you an order. It is yours, and, if you can get it, all right, but I will give you no order." To another witness he repeated in substance the same statement. Townsend as custodian of the money was made a party to the case, but has no interest in the controversy other than to settle the

question of the rightful ownership of the fund as between Pence and Mrs. Sutcliffe.

At the close of the testimony defendant moved for a directed verdict in his favor on the grounds: (1) The entire failure of plaintiff to show any right of recovery. (2) That the testimony offered by plaintiff is incompetent because it seeks by parol evidence to vary the terms of a written contract. (3) That the testimony is incompetent because it seeks to contradict the terms of the deed, and it is in contravention of the statute of frauds. This motion was sustained, and judgment entered against plaintiff for costs. It is from this ruling and judgment that the appeal has been taken.

I. Appellee has moved to dismiss this appeal because the original abstract of record was not subscribed by appellant's counsel. Their names did appear on the opening page of the abstract, and this was sufficient. *Alston v. Alston,* 114 Iowa, 29. The omission was also cured by an amendement. Objection is also made that the abstract is not certified. This was also corrected by an amendment. The motion is without merit, and is therefore denied.

1. APPEAL: defective abstract: amendment.

II. In support of the judgment below appellee contends that plaintiff's claim for a recovery is based upon an alleged exception or reservation which she seek to ingraft upon the written deed by parol testimony in contravention of the statute of frauds, as well as in violation of the rule that a written contract can not be so altered or varied. The contention is not justified by the record. The claim she makes in no manner changes or modifies the effect of her deed to the defendant. If in the end she be found entitled to recover, defendant's right and title to the land described in the deed will not be diminished in the slightest degree. Nothing is reserved from the conveyance, and nothing is excepted from its operation save the right of way therein specifically men-

tioned. True, plaintiff by an apparent misapprehension of the exact meaning of the terms employed speaks of "reserving" her claim for damages, but, considering her testimony as well as that of others, it is perfectly clear that her claim, stated in terms of legal exactness, goes solely to the consideration she received or was to receive for the conveyance of her land. It is said that no such claim is pleaded, and that the amendment to the petition filed after the directed verdict was too late. Whether the amendment was in time we need not decide, for we do not think any amendment was required to entitle plaintiff to recover. The allegation is made in the original petition that plaintiff's right to prosecute this action for the recovery of this sum of money was "a part of the consideration" for the conveyance. The net effect of her claim, both before and after her amendment was filed, was that she sold and conveyed the land to defendant, and, in consideration thereof, was to receive from him the sum of $1,800, and to have and receive whatever sum she might succeed in recovering from the railroad company. This being our interpretation of the issue between the parties, we need take no time to review the authorities which counsel for appellee have very industriously collected for our consideration upon the effect and validity or invalidity of parol reservations from deeds of conveyance.

We have then upon this branch of the case to consider whether the deed is a written contract which excludes plaintiff from showing by parol proof the agreement by which 2. CONVEYANCES: she was to receive the proceeds of the claim consideration: against the railroad company. This objection can not be sustained. While the deed is the culmination of the contract for the sale of the land, it very rarely, as we all know, contains or constitutes the contract itself. *Puttman v. Haltey,* 24 Iowa, 425; *Trayer v. Reeder,* 45 Iowa, 272; *Greedy v. McGee,* 55 Iowa, 759. Ordinarily the grantor will not be permitted to show that

there was no consideration if the deed expresses one, but upon any proper issue it is competent for either party to prove the real nature and amount of such consideration although it differs to some extent from that expressed. *Maxwell v. McCall*, 145 Iowa, 687; *Gardner v. Lightfoot*, 71 Iowa, 577; *Doolittle v. Murray*, 134 Iowa, 547; *Lewis v. Day*, 53 Iowa, 575; *Dicken v. Morgan*, 54 Iowa, 684. It is therefore competent for plaintiff to prove that, while the deed expressed a consideration of $1,800 (which was in fact all that defendant undertook to become personally responsible for), it was still further agreed that she should be entitled to receive payment of whatever sum should thereafter be derived from the claim against the railway company. The plaintiff did show without dispute, as we have already noted, that the oral agreement by which she was to receive this money if collected was a part of the consideration upon which she parted with the property.

3. MONEY HAD AND RECEIVED: recovery.    The use of defendant's name in the litigation for her benefit was with his implied if not his express consent, and his belated claim to hold the money for his own use has as little foundation in law as in morals.

4. SAME: evidence.    A witness for plaintiff having testified that in conversation with defendant the latter said he would not give Mrs. Sutcliffe an order for the money but that she might get it if she could, the court struck out the testimony as being only conclusion and hearsay. The testimony had but slight bearing on the controversy, though we think it admissible. Certainly it was not open to the objection made to it. Other rulings upon testimony are covered by what we have already said in discussing the grounds upon which the verdict was directed.

Counsel for appellee have favored us with a discussion of the law of easements as affected by conveyances of land, but, for reasons already stated, we think the subject is in no manner involved in the issues presented for trial.

We are also reminded of the statute which prohibits an attorney at law from disclosing communications received from a client. This point we assume is directed to the testimony of the attorneys who conducted the litigation, and obtained the judgment against the railroad company. No objection of that kind was raised upon the trial below. But, even if made, it would have been without merit. The witnesses both declared that defendant was not their client, that he never employed or consulted them in the case, and that his relation thereto was nominal only. This statement is not denied in testimony, and we must accept it as true.

**5. SAME: confidential communications: review on appeal.**

It is unnecessary to prolong this opinion. For reasons we have already explained, the plaintiff upon the record made was clearly entitled to recover the fund in controversy, and the court erred in giving it to the defendant. The judgment appealed from is reversed, and cause remanded for further proceedings in harmony with this opinion.—*Reversed.*