MARTIN D. PHELAN, appellee, v. FRED A. PEETERS, appellant.

No. 52572.

(Reported in 152 N.W.2d 601)

1360

August 31, 1967.

McCracken & Carlin, of Davenport, for appellant.

Dircks & Berger, of Davenport, for appellee.

STUART, J.—This is an action for damages for breach of a real-estate contract. On October 18 or 19, 1962, plaintiff purchased a lot in a new subdivision in Davenport being developed by defendant. It is alleged defendant, by failing to bring the utilities to plaintiff's lot line, breached the italicized portion of the following provision of the contract:

"OTHER TERMS. Subject to both Lorton and Columbia Streets being improved and all assessments be paid by seller except sidewalks. *All utilities available and accessible so construction can begin at once and occupancy upon completion* and without limitation due to city requirements also, plot plan be filed with city and registered survey completed to buyer."

At the time of the contract and final closing on November 1, 1962, the water and sewer lines were located at the northeast corner of Lorton and Columbia Streets. The lot involved is located on the southwest corner of the same intersection. December 1, 1962, plaintiff was ready for the utilities. He made several unsuccessful attempts to contact defendant. The house was ready for occupancy except for utility connections on February 26, 1963. As plaintiff had agreed to give possession of his old home by March 15, 1963, he paid the cost of bringing the utilities to his lot line and then brought this action to recover this cost from defendant. The case was tried in the Davenport Municipal Court, which found: " 'All utilities available and accessible' under the facts here, mean the utilities brought to the lot line." Plaintiff was awarded judgment of $510.

I. The warranty deed delivered to plaintiff by defendant at the closing of this real-estate transaction, in addition to the usual terms, included the following provision:

"The consideration for this deed includes the paving on Lorton Avenue and Columbia Avenue opposite the real estate hereinabove described."

Defendant claims the terms of the contract were merged into the terms of the warranty deed and that failure to include any requirements relating to the utilities in the deed entitled him to a directed verdict.

■■ The broad rule is that a contract to convey land presumptively becomes merged in the subsequent deed executed in performance thereof and that the deed speaks and the contract is silent as to all matters of conflict between them. The rule has many qualifications, one of which is that collateral agreements or conditions not incorporated in the deed or inconsistent therewith will be deemed to survive for the purpose of enforcement. This qualification is clearly expressed in an annotation in 84 A. L. R. 1018, 1019, which is supported by the Iowa cases:

"Where a contract for the sale of land embraces stipulations other than those relating to the conveyance of the subject-matter, and imposes upon the vendor the duty of performing acts other than those required to assure to the vendee the character of title stipulated for, the contract is something more than one for the mere conveyance of the subject-matter at a designated time, hence the execution and delivery of the deed * * * is merely the performance of the provisions relative to transfer of the title. It is one of several executory acts stipulated for, therefore its performance does not affect the vitality of the original contract as to collateral matters which the vendor has obligated himself to perform. Accordingly, where there are collateral undertakings expressed in such a contract which are not satisfied by a subsequently executed deed of the subject-matter, these undertakings survive the acceptance of the deed, unless there are provisions in the deed inconsistent with the survival of such covenants or stipulations." Saville v. Chalmers, 76 Iowa 325, 327, 41 N.W. 30; Carey v. Walker, 172 Iowa 236, 243, 244, 154 N.W. 425; Gray v. Van Gordon, 187 Iowa 835, 839, 174 N.W. 588; Huxford v. Trustees of Funds etc., 193 Iowa 134, 136, 137, 185 N.W. 72; Swensen v. Union Central Life

Ins. Co., 225 Iowa 428, 433–435, 280 N.W. 600; Annotations, 84 A. L. R. 1008; 38 A. L. R.2d 1310.

 Vendor's stipulations in a real-estate contract to make improvements are collateral and survive the execution of a deed. 38 A. L. R.2d 1325 and cases cited thereunder.

Defendant does not quarrel with these principles, but with their application here. It is his position that by including the provision relating to paying assessments in the deed, the deed was not silent on "OTHER TERMS" and therefore all collateral matters merged in the deed as a matter of law. We do not agree.

 "Whether a deed has been accepted as performance of a collateral stipulation contained in a contract to convey land always depends upon the intention of the parties. Sometimes this is manifest from an examination of the written instruments; but frequently, to ascertain this, resort must be had to extrinsic evidence, written or oral." Thordson v. Kruse, 173 Iowa 268, 274, 275, 155 N.W. 334; Dawson v. McKinnon, 226 Iowa 756, 766, 285 N.W. 258; Saville v. Chalmers, 76 Iowa 325, 326, 41 N.W. 30; 84 A. L. R. 1009, 1015, 1016. See: Anderson v. King, 250 Iowa 208, 215, 93 N.W.2d 762.

 Here, the intent of the parties is not manifest from the deed. There is no express conflict between the contract and the deed. The recitation of the provision on paving assessments does not so clearly express the intention to merge the provision regarding utilities into the deed that we should so hold as a matter of law. Swensen v. Union Central Life Ins. Co., 225 Iowa 428, 436, 280 N.W. 600; Gray v. Van Gordon, 187 Iowa 835, 838, 839, 174 N.W. 588. This situation called for other evidence of the intention of the parties.

In Sutcliffe v. Pence, 156 Iowa 643, 647, 648, 137 N.W. 1026, grantor claimed the consideration for a conveyance of land was other than expressed in the deed. We said:

"While the deed is a culmination of the contract for the sale of land, it very rarely, as we all know, contains or constitutes the contract itself. [Citing cases] * * * It is therefore competent for plaintiff to prove that, while the deed expressed a consideration of $1800 * * * it was still further agreed that she should be entitled to receive payment of whatever sum should thereafter

be derived from the claim against the railway company. The plaintiff did show without dispute * * * that the oral agreement by which she was to receive this money if collected was a part of the consideration upon which she parted with the property."

If it is permissible to show there was consideration other than that expressed in the deed, it is permissible to show the inclusion of one collateral agreement in the deed was not intended to exclude the others.

■ There was evidence to support the trial court's finding that there was no merger. The trial court did not err in failing to direct a verdict for defendant predicated upon the doctrine of merger.

II. Defendant claims the court erred in accepting parol evidence tending to show a merger was not intended on the ground that such evidence was an attempt to vary the terms of a written instrument, the deed. We do not agree. There is no provision in the deed relating to utility extensions. Defendant again relies on the paving assessment provision as excluding any further obligation for the utilities. We believe this provision creates an ambiguity rather than such a conflict that parol evidence cannot be introduced. The determining question is the intention of the parties and under the authorities cited in Division I parol evidence is admissible to show it.

III. We now turn to the construction of the phrase, "all utilities available and accessible" appearing in the contract. The trial court held it to be ambiguous and "under the facts here, means the utilities brought to the lot line."

Defendant claims the court, after having found the phrase to be ambiguous, should have resolved the ambiguity against plaintiff as the contract was prepared under his direction. We do not agree.

■ This is a rule of construction sometimes resorted to when there is no satisfactory evidence from which the intention of the parties may be ascertained. It cannot prevail over evidence which will support the finding of the trier of fact favorable to the one who prepared the contract.

"It is well settled that the primary rule of construction is, if possible, to give effect to the intention of the parties. * * *

The practical construction placed upon an ambiguous or indefinite contract by the parties thereto will usually be adopted by the courts." Miller v. Geerlings, 256 Iowa 569, 579, 128 N.W. 2d 207, 213; Darnall v. Day, 240 Iowa 665, 671, 672, 37 N.W.2d 277.

Here there was evidence from which the trial court sitting as trier of fact could have found it was defendant's understanding that the term meant utilities were to be brought to the lot line. Plaintiff's real-estate agent so testified on cross-examination. He could also have found that at the real-estate closing defendant assured plaintiff he had employed a construction company to bring the utilities to the property line and that in fact they were supposed to be in by that time but they had just not "gotten around to it." This is a practical construction of the contract placed thereon by the defendant.

Plaintiff cites 17 Am. Jur.2d 691, Contracts, section 276, and Restatement of Contracts, section 236, for the proposition that the rule of construction urged by defendant applies only when the agreement is still ambiguous after the ordinary rules of construction have been applied. Corpus Juris Secundum says:

"The rule that ambiguous language in a contract is to be construed most strongly against a party responsible therefor is the last one which the courts will apply, and then only if a satisfactory result cannot be reached by the other rules of construction." 17A C. J. S. 224, Contracts, section 324.

We announced this rule in Sinclair & Co. v. National Surety Co., 132 Iowa 549, 557, 107 N.W. 184: "As the provision in this contract was inserted by defendant and for its benefit, any ambiguity therein is to be taken most strongly against the party who chose the language. * * * But it is said that this rule is resorted to only when all other tenets of construction fail."

Our recent pronouncements do not reflect such strict limitation of this rule. It appears to have been treated equally with other rules of construction. Be that as it may, such rule of construction, designed to aid in the interpretation of ambiguous contracts, does not prevail over a finding of the intention of the parties by a trier of fact based on evidence of facts and circum-

stances surrounding the transaction, the understanding of defendant and the practical construction he placed thereon.

For the reasons stated we affirm.—Affirmed.

All JUSTICES concur except LeGRAND, J., who takes no part.