**Marie LINK, Appellant–Defendant,**

v.

**Dennis BREEN and Mary Breen, Appellees–Plaintiffs.**

No. 46A03–9401–CV–22.

Court of Appeals of Indiana, Second Division.

April 13, 1995.

Transfer Denied Sept. 14, 1995.

Patrick E. Donoghue, Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos, Michigan City, for appellant.

Craig V. Braje, Law Offices of Craig V. Braje, Michigan City, for appellees.

HOFFMAN, Judge.

Appellant-defendant Marie Link brings an interlocutory appeal from an order denying her motion for summary judgment in an action brought by appellees-plaintiffs Dennis and Mary Breen (Breens) for damages and rescission of a real estate purchase agreement. The designated facts relevant to this appeal are set forth below.

In May 1990, Link as seller and the Breens as buyers entered into a purchase agreement for the sale of Link's house located in Michigan City, Indiana. The purchase agreement was presented to Link by a representative of the Breens from Long Beach Realty. A Rider was incorporated into the purchase agreement which provided, in pertinent part:

> "4. *TERMITE INSPECTION (# 190)*
>
> [*Link*] *warrants that the premises are free from termite or other wood destroying infestation, or damage therefrom.* [Link] shall pay for an inspection of the premises by a reputable pest control company, and *if infestation is disclosed,* [*Link*] *shall assume all cost of eradicating same and restoring the premises.* The inspection required ... shall be completed no less than 14 days prior to closing. The report of the pest control company shall be in writing and a copy provided to [the Breens]."

(Emphasis added.) Franklin Pest Control (FPC) conducted the inspection. FPC surveyed the home and subsequently furnished a report to the Breens stating that there was no termite infestation. However, the report was qualified due to FPC's inability to access the entire house. Upon accepting the report and closing on the house in June 1990, the Breens took possession. After a month of occupation and during remodeling efforts, the Breens discovered termite damage in the home.

In November 1991, the Breens filed a three-count complaint against both Link and FPC alleging *inter alia* breach of contract and damages for failure to discover and disclose the termite infestation. In response, Link filed a motion for summary judgment against the Breens, which the trial court denied. This interlocutory appeal ensued.

On appeal, Link raises one consolidated issue: whether the trial court erred in denying her motion for summary judgment.

 Review of a ruling on summary judgment requires this Court to implement the same standard used by the trial court.

This Court must liberally construe all designated evidentiary matter in favor of the non-moving party and resolve any doubt against the moving party. Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. However, where material facts are not in dispute, the issue is the application of the law to the facts. *Fidelity Financial Services v. Sims* (1994), Ind.App., 630 N.E.2d 572, 574. Summary judgment based upon construction of a contract is a determination, as a matter of law, that the contract is not so ambiguous that resort must be made to conflicting extrinsic evidence to ascertain the contract's meaning. *American States Ins. Co. v. Braden* (1993), Ind.App., 625 N.E.2d 1252, 1255. An ambiguity will be found only if reasonable persons upon reading the contract would differ as to the meaning of its terms. *Id.* Ambiguity is not established simply because one party claims an interpretation contrary to that asserted by the opposing party. *Id.*

The trial court denied Link's motion finding there to be an issue of material fact as to the application of the merger doctrine, specifically, whether the parties intended the Rider to be merged into the deed as a final repository of their respective obligations or whether such duties survived the deed. Link contends the trial court erred in doing so. Link claims the unambiguous language of the Rider manifests her intent that her obligations to investigate and correct any termite infestation were completed upon closing. She contends any other interpretation would unfairly subject her to liability for termite infestation indefinitely. The Breens insist it was their intent that Link strictly warrant against termites and that Link's duties under the Rider would not arise unless and until their discovery of termites regardless of when that occurs.

■ The doctrine of merger by deed provides:

"In the absence of fraud or mistake, all prior or contemporaneous negotiations or executory agreements, written or oral, leading up to the execution of a deed are merged therein by the grantee's acceptance of the conveyance in performance thereof."

(Citations omitted.) *Thompson v. Reising* (1943), 114 Ind.App. 456, 462, 51 N.E.2d 488, 491; *See Stoneburner v. Fletcher* (1980), Ind. App., 408 N.E.2d 545, 549. The rule is concerned with those rights or things which normally pass to the grantee by deed in the absence of reservations or stipulations; if such rights are not expressly carried forward to the deed, they are eradicated and no action lies in contract. *Thompson*, 114 Ind. App. at 462, 51 N.E.2d 488. Examples include: reservation of growing crops, easements over land conveyed, possession by the grantor for a limited period of time after title passes, and assumption of mortgage or current taxes. *Id.* at 462–463, 51 N.E.2d 488. The test of merger is the express or implied intention of the parties. *Id.* at 464–465, 51 N.E.2d 488. If the intention is clear from the deed's language, the deed is decisive. *Id.* If not, other evidence may be introduced to settle the issue. *Id.*

■ No fraud or mistake was alleged by the Breens in their complaint. However, an exception to the merger doctrine applies where the contract creates rights collateral to and independent of the conveyance. *Id.* at 463, 51 N.E.2d 488; *See Stoneburner*, 408 N.E.2d at 550 (merger not applicable to pre-emptive rights). Generally, these are rights which do not have to do with title, possession, quality or emblements of the land conveyed. *Doty v. Sandusky, etc., Cement Co.* (1910), 46 Ind.App. 440, 443, 91 N.E. 569, 571 (execution of deed not merged where covenants do not have to do with title, possession, quality or emblements of land conveyed). Collateral and independent rights or obligations are allowed to survive the deed because their performances are not necessary to the conveyance of the real estate; thus, there is no need to merge them into the contract. *Thompson*, 114 Ind.App. at 463, 51 N.E.2d 488.

■ To support their argument that Link intended to have her warranty extend beyond the deed, the Breens flag the statement in the Rider, "[Link] warrants that the premises are free from termite or other wood destroying infestation, or damage therefrom." At first glance, this statement may appear to impose a strict warranty upon Link regarding termite damage. However, particular words and phrases of the contract

cannot be read in isolation. *INB Banking v. Opportunity Options* (1992), Ind.App., 598 N.E.2d 580, 582. Rather, to ascertain the parties' intent, words and phrases must be read in light of other language of the contract. *Id.*

This phrase does not stand in isolation. The entire clause is entitled "Termite Inspection Clause." As Link points out, the above sentence is merely an introductory sentence to her duties contained in the remainder of the clause. Immediately after this statement, the clause imposes an obligation on Link to conduct an inspection "no less than 14 days prior to closing." The language goes on to mandate that she furnish a copy of the report from the investigation to the Breens. Thereafter appears conditional language requiring her to "pay for *an* inspection of the premises by a reputable pest control company" and further providing that *"if infestation is disclosed [Link] shall assume all cost of eradicating same and restoring the premises."* (Emphasis added.)

■ It is clear this language imposes upon Link the duty to conduct and pay for one inspection and to forward the results to the Breens. It is similarly evident this obligation must occur at least 14 days prior to closing. However, the clause cannot logically be interpreted to impose both a strict duty and a specific time frame in which Link must inspect for and correct termite damage before closing while simultaneously imply a limitless duty for her to do the same at any time after closing, as the Breens suggest. Link is correct that to interpret the Rider in the manner proposed by the Breens would force her to incur potential liability for termite infestation originating years after possession by the Breens. Additionally, as the clause generally deals with an investigation involving the quality of the premises and expressly sets a time prior to closing to complete the investigation, it is reasonable to conclude the parties intended the obligations thereunder not to be collateral and independent rights but rather rights to be merged into the deed.

The Breens and their representative drafted the purchase agreement and Rider which was incorporated into the deed. The evidence is undisputed Link paid for an inspection and that the Breens received a copy of the report. Upon its receipt, the Breens were placed on notice that FPC's inspection was qualified because some portions of the residence were inaccessible. Under another section of the Rider, they were free to obtain a second opinion and further investigate the premises. However, they chose to rely solely on FPC's conditional report and close on the property. They did so to their detriment.

The merger doctrine being applicable, and no exception existing, the trial court erred in denying Link's motion for summary judgment. Consequently, the decision of the trial court is reversed.

Reversed.

SHARPNACK, C.J., and GARRARD, J., concur.