**IN THE COURT OF APPEALS OF IOWA**

No. 22-1065
Filed October 25, 2023

**THOMAS JOSEPH GENT,**
Plaintiff-Appellant,

**vs.**

**SHIRLEY L. GENT,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Keokuk County, Lucy J. Gamon,

Judge.

The plaintiff in a breach-of-contract action appeals the district court's

adverse grant of summary judgment. **AFFIRMED.**

John C. Wagner and John G. Daufeldt of John C. Wagner Law Offices, P.C.,

Amana, for appellant.

Joseph W. Younker, Matthew G. Barnd, Olivia A. McGovern, and Lewis I.

Field of Bradley & Riley PC, Iowa City, for appellee.

Heard by Greer, P.J., and Schumacher and Ahlers, JJ.

**GREER, Presiding Judge.**

In this family dispute, Thomas Gent brought suit against his parents, Dennis and Shirley Gent, claiming breach of contract and unjust enrichment. Thomas's claim involves an option that was in a real estate contract that he and his now ex-wife, Mary, signed with his parents. After exercising the option, which allowed them to buy more acres, Thomas asserted his parents breached an implied term of that option provision because the parents had earlier entered into a twenty-year farm-lease agreement with Thomas's brother, John, on the same farmland that was the subject of Thomas's option. Dennis and Shirley moved for summary judgment, which the district court granted.

Thomas appeals the summary judgment ruling. He argues (1) that while the option provision was silent on the issue of encumbrances, applying the implied covenant of good faith and fair dealing to the option contract results in an implied term that the parents would convey a title free of any encumbrances to the seventy acres of farmland; (2) accepting the special warranty deed, which explicitly stated the real estate was being sold subject to John's farm lease, did not cause the option to merge with the deed, so Thomas is not precluded from recovering under the terms of the option provision; and (3) in the alternative, if the option provision merged with the deed, then he should be allowed to recover under the theory of unjust enrichment. Because the district court's application of the merger doctrine was correct, we affirm.

**I. Background Facts and Proceedings.**

In 2007, Thomas and Mary entered into a real estate contract with Dennis and Shirley, buying about ten acres of land from them. The contract also included

an "additional provision," which gave Thomas and Mary the option to buy another seventy acres from Dennis and Shirley in the future. The option provision stated:

> On the condition that the buyers make the required payments under this contract, they are hereby given the option to purchase the real estate described as: The West Half of the Southeast Quarter of Section Four, Township Seventy-six North, Range Eleven West of the Fifth P,M, Keokuk County, Iowa, except the South Ten Acres in equal width thereof for the price of $1,800.00 an acre. The buyers can exercise this option at any time until the death of both contract sellers and for an additional period of six months after the death of the last of the contract sellers. The option holder may elect to pay the purchase price in full or on an installment contract. The terms of the contract shall provide for no down payment unless the buyer desires for a down payment. The unpaid balance of the contract shall bear interest computed at 6% interest per annum, payable over a twenty-year period or less, solely at the option of the purchaser. The purchaser may either elect the contract terms of twenty equal principal payments plus interest or twenty equal payments, which payment includes principal and interest. Possession shall be the March 1st following the date purchaser exercises the option unless a different date is agreed to.

Before the option was exercised, in 2014, Dennis and Shirley entered into a farm lease agreement with Thomas's brother, John, and his wife, Beth. Dennis and Shirley agreed to lease the seventy acres that was the subject of Thomas's option to John for a period of twenty years—from March 1, 2015 to March 1, 2035—for "$150.00 per acre for all row crop acres and $40.00 per acre for those acres in grassed hay or pasture provided [John] pay for all the seeding expense." They filed the farm lease with the Keokuk County Recorder.

Thomas and Mary divorced in 2016. As part of the decree dissolving their marriage, the dissolution court ordered them to "exercise their option rights to purchase the seventy acre tract" from Dennis and Shirley. The court also ordered

them to sell the land and provided how the proceeds would be divided.[1]  As ordered, Thomas and Mary gave written notice to Dennis and Shirley that they were exercising the option to purchase the seventy acres for $1800 per acre.

Thomas and Mary paid $126,000 for the seventy acres of farmland and, in September 2017, Shirley and Dennis conveyed an undivided one-half interest in the seventy acres to each Thomas and Mary by special warranty deed.  The deed gave explicit notice of John's lease on the seventy acres being conveyed; it said, "The above described ground is subject to a 20 year Farm Lease, dated December 10, 2014, filed December 10, 2014, Book 2014-1684, in the Office of the Keokuk County Recorder."

Thomas brought suit against his parents in 2018, alleging they breached the option provision of the real estate contract by failing to convey title to the seventy acres, free and clear of encumbrances, and because of the impact of the farm lease, the parents were unjustly enriched.  More to the point, Thomas claimed he was damaged "by virtue of diminished value to the subject land and an inability to sell the same for market value."

---

[1] We take this information from the "notice of exercising option."  While the dissolution decree was included in the second volume of the appendix filed on appeal, the decree was not part of the record in the district court—Thomas asked the court to take judicial notice of the document at the hearing on the motion for summary judgment, but the court never indicated it would do so.  Therefore, we do not consider the dissolution decree in resolving this appeal.  *See* Iowa R. App. P. 6.801 (defining the record on appeal as "[o]nly the original documents and exhibits filed in the district court case from which the appeal is taken, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court"); *In re Est. of Kelly*, 558 N.W.2d 719, 722 n.3 (Iowa Ct. App. 1996) ("We must accept the record made by the parties and cannot consider matters outside the record.").

Sometime between Thomas bringing suit and April 2022, Dennis died.[2]

In April 2022, Shirley moved for summary judgment, asserting Thomas got exactly what he bargained for in the option provision—he was able to purchase the seventy acres of farmland at the agreed-upon price. She argued Thomas's breach-of-contract claim failed as a matter of law because there was no term in the option provision that required Shirley and Dennis to convey the seventy acres free of encumbrances. Additionally, she claimed the option to purchase the real estate merged with the deed once Thomas accepted it, so the court needed to review only the deed itself for the conditions of the transfer when deciding the breach-of-contract claim. Because the special warranty deed expressly stated title to the land was being conveyed subject to John's farm lease, Thomas accepted and filed the deed with the encumbrance clearly laid out. Finally, Shirley claimed Thomas's claim of unjust enrichment failed as a matter of law because there was an express contract under which Thomas was suing, which precluded a claim for unjust enrichment.

Thomas resisted, although he did not dispute any of the material facts asserted by Shirley. He asserted that, while no express term of the option provision required Dennis and Shirley to convey title to the seventy acres of farm land free and clear of encumbrances, applying the implied duty of good faith and fair dealing to the option provision created an implicit term that his parents would

---

[2] We asked counsel for information related to Dennis, including whether there is an estate opened for him and if this claim should be dismissed as to him. During oral arguments both parties confirmed that there was no reason for Dennis to remain named as a party. We addressed this "housekeeping" issue by separate order.

convey the land without encumbrances if he exercised his option to purchase it. He also argued the option provision did not merge with the special warranty deed because the implied term his parents would not transfer title to the seventy acres with encumbrances was a collateral matter that was not extinguished by accepting the deed. Lastly, he argued in the alternative that if the court concluded the option provision merged, then his claim for unjust enrichment should be able to proceed as there was no longer a contract under which he was suing.

Following a reported hearing, the district court granted Shirley's motion for summary judgment[3] and dismissed Thomas's lawsuit. The court ruled:

> This Option contains no promise to convey the subject real estate free of all liens and encumbrances, such as the Farm Lease. The Court declines to rewrite the parties' contract to include such a promise. The Court concludes, as a matter of law, that [Shirley and Dennis] did not breach their contract with [Thomas]. As the parties had a legal written contract between them, there is no possibility that [Thomas] may successfully bring an action for unjust enrichment. Thus, both of [Thomas's] causes of action fail as a matter of law.

Thomas filed a motion asking the court to reconsider, enlarge, or amend its ruling, which the court denied. Thomas appeals.

**II. Standard of Review.**

"We review summary judgment rulings for correction of errors at law." *Deeds v. City of Marion*, 914 N.W.2d 330, 339 (Iowa 2018). Summary judgment is proper when the moving party establishes there is no genuine issue of material fact and they are entitled to judgment as a matter of law. *Id.* "We [re]view the record in the light most favorable to the nonmoving party." *Id.*

---

[3] No party moved to have Dennis substituted, and the district court ruled as if Dennis was still an active defendant in the case.

**III. Discussion.**

Thomas did not allege to the district court that there were material facts in dispute, and he does not challenge any of the facts relied upon by the district court in reaching its ruling. So, we need not consider whether summary judgment was inappropriate because of a genuine issue of material fact. *See Cubit v. Mahaska Cnty.*, 677 N.W.2d 777, 781 (Iowa 2004) ("Where the only dispute concerns legal consequences flowing from undisputed facts, our review is limited to whether the district court correctly applied the law." (citation omitted)). So, we look to the law.

**A. Merger.**

We start with Thomas's second issue because if the option provision did in fact merge with the special warranty deed, whether the option once contained an implied term of clear title is without legal significance. *See Gray v. Van Gordon,* 174 N.W. 588, 589–90 (Iowa 1919) ("Articles of agreement for the conveyance of land are, in their nature, executory, and the acceptance of a deed, in pursuance thereof, is to be deemed, prima facie, an execution of the contract and the agreement thereby becomes void and of no further effect." (citation omitted)).

"In this jurisdiction a contract for conveyance of real estate, absent any showing to the contrary, is deemed to have merged in a subsequent deed." *Lovlie v. Plumb*, 250 N.W.2d 56, 62 (Iowa 1977). However, there are some exceptions to this general proposition.

> For instance if the deed be uncertain and ambiguous in its own terms, resort may be had to the antecedent contract as an aid to construing the terms of the deed. If a mistake in the deed be alleged and reformation be sought, the contract becomes competent as evidence on that question. Likewise if the contract contain collateral agreements or conditions which are not incorporated in the deed, and which are not inconsistent with the terms of the deed as

executed, the contract will be deemed to live for the purpose of the enforcement of such collateral agreements or conditions.

*Huxford v. Trs. of Funds and Donations for Diocese of Iowa*, 185 N.W. 72, 74 (Iowa 1921). And here, Thomas maintains the deed and option provision did not merge because the implied agreement to deliver a title free and clear and encumbrances was a "collateral agreement."

But even if we agreed with Thomas that the issue of clear title was "collateral," that alone is not enough to defeat merger. Rather, to survive the execution of the deed, the secondary agreement has to be about a "condition" that was "not incorporated in the deed, and which [was] not inconsistent with the terms of the deed as executed." *Id.* And here, the issue of whether the land would be conveyed with or without encumbrances was directly dealt with in the deed—the deed stated the land was being conveyed to Thomas and Mary subject to John's farm lease. Thomas has the burden to show merger was not intended, and he is hard-pressed to meet that burden where the special warranty deed clearly set out the lease obligation. *See Lovlie*, 250 N.W.2d at 62.

Thomas tries to make this case like those where the contract agreement included mention of a condition on which the deed was then silent. Like in *Phelan v. Peeters*, 152 N.W.2d 601, 602 (Iowa 1967), where the real estate contract stated "[a]ll utilities [would be] available and accessible so construction [could] begin" and the deed was silent as to utilities. There, the defendant who failed to bring the utilities to the property argued the deed merged with the contract and, because the deed was silent as to any requirements about the utilities, the plaintiff could not recover. *Phelan*, 152 N.W.2d at 603. The supreme court denied the defendant's

argument, concluding the utilities requirement survived the merger of the contract and deed. *Id.* at 603–04. In that case, the explicit term of the contract survived because the deed that followed was silent on that issue: "[T]he intent of the parties [was] not manifest from the deed." *Id.* at 603. But those are not the facts here— the deed was not silent on the issue of encumbrances; Thomas was expressly informed the title was encumbered by John's farm lease.

In trying to keep the option provision "alive and enforceable," *Huxford*, 250 N.W.2d at 74, Thomas focuses on what he claims are inconsistencies between the deed and option provision. But Thomas did not claim fraud, mistake, or malfeasance. So "if a conflict exists between the [deed and the contract], 'the deed speaks and the contract is silent.'" *Midstates Bank, N.A. v. LBR Enters., LLC*, No. 20-0336, 2021 WL 1897968, at *8 (Iowa Ct. App. May 12, 2021) (quoting *Huxford*, 185 N.W. at 74). Rather than showing some issue with the deed—as Thomas implies—his acceptance and filing of a deed with less-favorable terms than the option provision would not keep the contract alive; instead, it shows Thomas waived any right to clear title. *See Lovlie*, 250 N.W.2d at 62 (recognizing contracts to convey land merge with the subsequent deed "even though the terms and conditions of the deed be not identical with those of the contract" because parties to a contract can mutually agree "to change its terms and conditions").

To the district court, Thomas suggested he had no choice but exercise the option and accept the deed because he was ordered to do so and to buy the seventy acres by the dissolution court. First, we reiterate that the decree is not part of our record on appeal, so we cannot say exactly what Thomas was ordered to do by the dissolution court. To that end, Thomas raises a problem existing

between him, his ex-spouse, and the dissolution court—an issue we are not tasked to solve on this record. But, second, we point out that there is a distinction between exercising an option to purchase land and executing a deed. If, after Thomas exercised his option to purchase the land, he was presented with a deed he did not believe conformed with the terms of the option provision, Thomas could have sought specific performance of the option provision rather than accepting the deed with less-favorable terms. In other words, being ordered to exercise the option provision to purchase land is not the same as being ordered to accept new or different terms as part of that purchase.

Because the option provision merged with the deed, Thomas cannot recover for breach of contract based on an implied term in the option provision. Therefore, his breach-of-contract claim fails as a matter of law and summary judgment was proper.

**B. Unjust Enrichment.**

Alternatively, Thomas argues that if the option provision merged with the deed, then he should be allowed to recover under the theory of unjust enrichment.

The doctrine of unjust enrichment is based on the concept of an implied contract. *Kunde v. Est. of Bowman*, 920 N.W.2d 803, 807 (Iowa 2018). The term "contract" is somewhat of a misnomer, as the obligation of quasi contracts or implied-in-law contracts "is created by law for reasons of justice, without any expression of assent and sometimes even against a clear expression of dissent." *Iowa Waste Sys. v. Buchanan Cnty.*, 617 N.W.2d 23, 29 (Iowa Ct. App. 2000) (quoting 1 Arthur Linton Corbin, *Corbin on Contracts* § 1.18, at 51 (rev. ed. 1993)); *see also id.* ("[I]t would be better not to use the word 'contract' at all." (citation

omitted)). "Unjust enrichment . . . is not grounded in contract law but rather is a remedy of restitution." *Id.* "A claim for unjust enrichment 'arises from the equitable principle that one shall not be permitted to unjustly enrich oneself by receiving property or benefits without making compensation therefor.'" *Legg v. West Bank*, 873 N.W.2d 763, 771 (Iowa 2016) (citation omitted). And, "[g]enerally[,] the existence of a contract precludes the application of the doctrine of unjust enrichment." *Johnson v. Dodgen*, 451 N.W.2d 168, 175 (Iowa 1990); *see also Kunde*, 920 N.W.2d at 807 ("The existence of an express contract on these matters prevents [the plaintiff] from circumventing their agreement by seeking to use [the theory] of unjust enrichment . . . to recover . . . .").

Here, there is not an implied or quasi contract—there is a deed that "was made in consummation and fulfillment of the contract." *Carey v. Walker*, 154 N.W. 425, 427 (Iowa 1915). And the deed is expressly on point on the issue of encumbrances, which Thomas seeks to litigate. So, Thomas cannot rely on the theory of unjust enrichment to recover. *See Kunde*, 920 N.W.2d at 807 (recognizing "that an express contract and an implied contract cannot coexist with respect to the same subject matter"). That Thomas is prevented from relying on an earlier, now-merged agreement to recover is not inequitable. As we have already pointed out, Thomas is not claiming fraud, mistake, malfeasance, or even surprise, so there is no reason he should not be held to the terms of the deed he agreed to accept.

Thomas's claim of unjust enrichment fails as a matter of law; summary judgment was appropriate.

**IV. Conclusion.**

Because the option provision merged with the deed, Thomas cannot recover for breach of contract based on an implied term in the option provision. And because there is an express agreement on the subject matter Thomas challenges, his claim for unjust enrichment also fails as a matter of law. For these reasons, we affirm the district court's grant of summary judgment for Shirley and the dismissal of Thomas's lawsuit.

**AFFIRMED.**