In the Matter of the ESTATE OF
Robert L. MYERS, Deceased.

Patricia Ann MYERS, Fiduciary of the
Estate of Harold E. Myers,
Claimant–Appellee,

v.

The ESTATE OF Robert L. MYERS,
Deceased, and Linda J., Myers,
Respondents–Appellants.

No. 88–644.

Court of Appeals of Iowa.

March 16, 1989.

Robert D. Hall, Ankeny, for respondents-appellants.

Tom Whitney, Des Moines, for claimant-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

This is an appeal to determine whether title to a residential property owned by

decedent Robert Myers should have been quieted in the appellee, the estate of Harold Myers, Robert's brother, or whether the property should pass by intestate succession to appellant Linda J. Myers, Robert's daughter and only heir at law. The dispositive question is whether the trial court properly admitted oral testimony to modify an agreement and a warranty deed given by Robert's siblings and their spouses to Robert. We determine the oral testimony was not admissible. We reverse the order quieting title in appellee and determine the property should remain an asset of Robert's estate.

Robert Myers was one of five children of Leona Myers. Robert lived with Leona in Leona's Polk County, Iowa residence, the property to which title is in dispute. On January 28, 1978, Leona's other four children and their spouses signed a written document captioned "Agreement" which provided as follows:

WHEREAS, Leona J. Myers is the owner of Lot 10 in Culbertson Place ... and

WHEREAS, Robert L. Myers has made his home with mother, Leona J. Myers, for a number of years, and

WHEREAS, Leona J. Myers now resides at the Sunny View Care Center, 410 N.W. Ash, Ankeny, Iowa, and

WHEREAS, Robert L. Myers and Harold E. Myers have been maintaining said Leona J. Myers at the Sunny View Care Center with their funds in excess of Social Security payments.

NOW, THEREFORE, it is agreed by the undersigned that upon the demise of Leona J. Myers, the undersigned for and in consideration of the actions of Robert L. Myers outlined herein will execute with no further consideration a Quit Claim Deed of all interests they may have to the heretofore described real estate to Robert L. Myers.

IT IS FURTHER AGREED that should said Robert L. Myers predecease his mother, Leona J. Myers, that this Agreement have no force and effect and shall become null and void.

Dated this 28th day of January, 1978.

The agreement was sent for signatures accompanied by a letter from Robert's attorney that provided in part:

Robert L. Myers has contacted me in connection with disposition of the residence of your mother. Robert tells me that for a number of years he made his home with his mother and has made certain improvements in the residence. He also advised that the members of the family feel he should have the home as this is the desire of your mother and somewhat of a reimbursement for the expenses he has incurred in connection with her care and the maintenance of the home over the years.

\*   \*   \*   \*   \*   \*

After the agreement was signed, Leona died.

Therefore, on January 3, 1979, a warranty deed from the four children and their spouses conveying Leona's home to Robert was recorded in the office of the Polk County recorder. The property remained in Robert's name and he continued in possession until his death in June 1984. Robert's only heir at law is his daughter, respondent-appellant Linda J. Myers. No will of Robert's was admitted to probate. A writing not meeting the requirements for a valid will in Iowa but claimed to be in Robert's writing was found on a November 1978 calendar sheet. *See* Iowa Code § 633.279. It is set forth below:

To Who it may concern. In case of my death. All my Savings, Personal belongings, Property, noted as Real estate Belong to Harold E. Myers (Brother) 602 Kirkwood, Des Moines, Iowa. Insurance Policys are to be cashed in to who they are made out to the way I have requested on the policy.

Signed by me this 28 day of march 1980.

S/Robert L Myers

Harold died in September 1984 and following his death his estate filed a claim in probate in Robert's estate seeking return of the house claiming Robert and his siblings intended part of the agreement by which he received the property was he

would take care of it and return it to one or more of his brothers and sisters. The claim was tried to a jury. Over Robert's estate's objection, the trial court admitted oral evidence that part of the agreement to deed the property to Robert was that it would be returned to one or more brothers or sisters. The jury determined the property was to be returned and title to the home was ordered transferred to Harold's estate.

We determine the trial court should not have admitted the oral testimony. When persons place their agreement in writing, the parol evidence rule forbids the use of extrinsic evidence to vary, add to, or subtract from the agreement. *Bankers Trust v. Woltz*, 326 N.W.2d 274, 276 (Iowa 1982); *Pappas v. Hauser*, 197 N.W.2d 607, 611 (Iowa 1972) (citing *Hamilton v. Wosepka*, 261 Iowa 299, 154 N.W.2d 164 (1968)). Where there is no ambiguity in an instrument, parol evidence should not be admitted to alter its terms. *In re Estate of Tollefsrud*, 275 N.W.2d 412, 419 (Iowa 1979).

 The execution of a deed presumably is the consummation of a sales contract and parties thereafter look only to the deed for conditions of the transfer and where merger in the contract is denied the burden of proof rests with the party so denying to show merger was not intended. *Swensen v. Union Central Life Ins. Co.*, 225 Iowa 428, 434, 280 N.W. 600 (1938); *Gray v. Van Gordon*, 187 Iowa 835, 838, 174 N.W. 588, 589 (1919).

Generally, in the absence of fraud, accident, or mistake, a deed cannot be varied or contradicted by parol evidence. *See Deupree v. Kibler*, 192 N.W. 842, 843 (Iowa 1923); *Prenosil v. Pelton*, 186 Iowa 1235, 1243, 173 N.W. 235, 237–38 (1919); *Beeson v. Green*, 103 Iowa 406, 408, 72 N.W. 555, 555 (1897). Where a warranty deed is an absolute conveyance and is recorded, testimony should not be considered that the parties did not intend the deed be absolute. *See Klein v. Klein*, 239 Iowa 40, 49–50, 29 N.W.2d 163, 167 (1948).

We therefore look first to the deed. Robert took title to four-fifths of the property by warranty deed conveying fee simple title without restrictions. Robert had inherited the other one-fifth from his mother. The deed clearly conveys fee simple title and makes no restrictions on Robert's use or ownership. The deed reserves no interest in the grantors, his brothers, sisters and their spouses. There is no ambiguity in the deed. The conditions of transfer are clear.

We find no reason to revert to the sales agreement. The parties do not argue the conveyance was contrary to the written agreement. We find, however, the agreement too to be clear and without ambiguities. The deed conforms to the agreement except in one respect which is not relevant to the issue before us. The agreement called for a quit claim deed and a warranty deed was given.

We find no basis to admit the parol evidence. There being no other evidence to support the appellee's claim Robert agreed to reconvey the property, we reverse the judgment quieting title in Harold's estate and order the claim of Harold's estate be dismissed.

REVERSED.