**Michael O'MALIA and Mary O'Malia, Appellees,**

v.

**REGENCY BUILDERS, INC., Appellant.**

No. 02–0247.

Supreme Court of Iowa.

Sept. 4, 2003.

Thomas G. Fisher, Jr. of Whitfield & Eddy, P.L.C., Des Moines, for appellant.

Thomas J. Levis and Matthew S. Brick of Brick, Gentry, Bowers, Swartz, Stoltze, Schuling & Levis, P.C., Des Moines, for appellees.

LARSON, Justice.

Michael and Mary O'Malia sued Regency Builders, Inc. for attorney fees incurred by the plaintiffs in enforcing the terms of a home purchase agreement with Regency. The district court and the court of appeals ordered Regency to pay the fees, and we affirm.

The parties stipulated to the following facts. The O'Malias signed a purchase agreement with Regency to buy a Regency-built home in West Des Moines. Paragraph 6C of the agreement provided:

> New construction shall have the warranties implied by law, specifically made by suppliers of materials/appliances, or specifically tendered by the contractor.

On June 19, 1992, Regency delivered to the O'Malias a separate written warranty certificate by Homeowners Warranty Corporation, providing express warranties on the home. The sale was closed on June 26, 1992.

After the closing, significant defects in the floor were discovered. A structural engineer recommended that a foundation be installed under part of the home for additional support. The O'Malias asked Regency to make the repairs, but Regency declined, advising the O'Malias their remedy was to file a claim with Homeowners Warranty.

The O'Malias learned that Homeowners Warranty was in receivership, and if Homeowners accepted the O'Malias' claim, it would pay only sixty percent of the loss. The O'Malias sued Regency on May 1, 2000, for breach of contract, breach of warranty, and negligence in the construction of the home.

Homeowners Warranty paid the O'Malias $6975 on the warranty claim (presumably only sixty percent of the cost of repairs, based on the stipulation). In April 2001 Regency and the O'Malias agreed to continue the case until January 2002 to allow Regency to make the repairs to the satisfaction of the plaintiffs' structural engineer. The repairs were approved, and the O'Malias paid Regency the amount they had received from Homeowners. The only issue then remaining concerned the O'Malias' claim for attorney fees.

According to the stipulation, the O'Malias have incurred a total of $11,558.43 in attorney fees. The parties stipulated that fees of $10,605.93 were fair and reasonable up to the point the repairs were approved. The remainder was incurred by the O'Malias after the date of approval. The district court awarded the O'Malias the full amount of fees, based on a provision of the purchase agreement.

Section 14 of the agreement provided:

> If the SELLERS fail to fulfill this Agreement they will pay the BROKER the commission in full. The BUYERS shall have right to have all payments returned, and/or to proceed in any ac-

tion at law or in equity, and the SELL-ERS agree to pay costs and reasonable attorney fees and a receiver may be appointed. . . .

Regency argues that this attorney-fee provision is limited to a recovery under the purchase agreement, but here the recovery was obtained under the separate Home-owners' warranty, which had no attorney-fees provision. We disagree. Only part of the plaintiffs' satisfaction (apparently sixty percent) was provided under the Home-owners' warranty. The balance was provided by Regency in kind, by completing the work. In any event, the O'Malias' success in getting the property repaired was the direct result of their filing of this suit to enforce the contract.

We agree with the district court and the court of appeals that the attorney-fee provision under the purchase agreement is applicable and the fees claimed by the plaintiffs of $11,558.43 are fair and reasonable. In addition, the O'Malias have requested a recovery of their fees for this appeal, and we agree. We remand to the district court to rule on the issue of attorney fees on appeal and to enter an order accordingly.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED; CASE REMANDED.**