# IN THE COURT OF APPEALS OF IOWA

No. 14-1453
Filed September 10, 2015

**JAMES PAYTON,**
      Plaintiff-Appellee,

**vs.**

**JOHN DIGIACOMO** and
**DAVEEN DIGIACOMO,**
      Defendants-Appellants.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Appellants appeal from a district court decision denying their application for attorney fees. **AFFIRMED.**

Thomas P. Frerichs of Frerichs Law Office, P.C., Waterloo, for appellants.

James Payton, Waterloo, appellee pro se.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

John and Daveen DiGiacomo appeal from a district court order denying their application for attorney fees pursuant to a remedies clause of a purchase agreement with James Payton. Payton brought a breach-of-contract claim against the DiGiacomos, and a jury found for the DiGiacomos. The DiGiacomos contend they are entitled to attorney fees as the prevailing party in the action. The district court denied their claim and we affirm.

## I. BACKGROUND FACTS AND PROCEEDINGS.

Appellant sellers, John and Daveen DiGiacomo (DiGiacomos),[1] sold a home pursuant to a purchase agreement to appellee buyer, James Payton. Several months after the conclusion of the sale and delivery of the deed, water damage was discovered in the home. Payton brought several claims against the DiGiacomos,[2] including negligent misrepresentation, fraudulent misrepresentation, violation of Iowa Code chapter 558A (2013), and breach of contract. Payton alleged the DiGiacomos were aware that prior to the sale the condition of the home had led to water infiltration and they negligently or fraudulently misrepresented it; or alternatively, they were aware that the condition of the home would lead to water infiltration after the sale. Payton also asserted the DiGiacomos violated Iowa Code chapter 558A, which requires a person

[1] John and Daveen are siblings. Their late brother, Dean, was co-owner of the property with Daveen, and John is administrator of Dean's estate. Daveen and John, as administrator, sold the property to the appellee.

[2] In the ensuing lawsuit, Payton named as defendants John and Daveen DiGiacomo; the estate of their brother, Dean, of which John was the administrator; Amy Wienands, the realtor; Re/Max Home Group, the real estate company; and American National Property and Casualty Company, the insurer. The petition was dismissed as to all but John, as administrator of the estate, and Daveen. Only the counts against John and Daveen proceeded to trial and are now the subject of this appeal.

transferring real property to disclose "information relating to the condition and important characteristics of the property . . . including significant defects in the structural integrity of the structure." *See* Iowa Code §§ 558A.2(1), .4(1)(a). Finally, Payton argued the DiGiacomos' failure to comply with the chapter-558A requirement constituted a breach of the purchase agreement.

A jury found in favor of the DiGiacomos, and the court dismissed Payton's claims. The DiGiacomos then filed an application for an award of attorney fees pursuant to Iowa Code section 625.22 and the following language in the Purchase Agreement:

> 14. **REMEDIES OF THE PARTIES.** If buyer or seller fails to timely fulfill the terms of this agreement, then the other party shall be entitled to utilize any and all remedies or actions at law or in equity which may be available to them (including but not limited to forfeiture, foreclosure, termination, recision, or specific performance), and the prevailing party shall further be entitled to obtain judgment for costs and attorney fees.

Iowa Code section 625.22 provides:

> When judgment is recovered upon a written contract containing an agreement to pay an attorney fee, the court shall allow and tax as part of the costs a reasonable attorney fee to be determined by the court.
> In an action against the maker to recover payment on a dishonored check or draft . . . . Any additional charges shall be determined by the court. If the defendant is successful in the action and the court determines the action was frivolous, the court may award the defendant reasonable attorney fees.

Payton resisted the attorney fee application, making two arguments: first, the remedies clause was ambiguous as to whether or not the party who successfully defends a suit without bringing a claim or counterclaim of their own could be entitled to attorney fees. Second, the statute gives the court discretion to award attorney fees to a successful defendant only upon a determination that

the action was frivolous; therefore, an award of attorney fees simply for successfully defending against a claim is not appropriate.

The district court denied the application for attorney fees on slightly different reasoning:

> The defendant DiGiacomos' application for attorney fees is misplaced. The clause of the real estate agreement cited does not stand for the proposition that in an instance like this attorney fees are assessable. The clause, properly interpreted, stands for the proposition that had Mr. Payton failed to carry through on the sale of the property and if the defense sued and won based on that failure to convey title, the defendants DiGiacomo would then be entitled to attorney fees. The sale carried through without fault. The dispute arose after the sale and did not concern an attempt by the Paytons to back out of the purchase.

The DiGiacomos appeal, contending the district court erred in its interpretation of the purchase agreement language and they are entitled to an award of attorney fees. Payton did not submit an appellate brief.[3]

## II.    STANDARD OF REVIEW.

We review the district court's decision on an application for attorney fees for an abuse of discretion. *NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 469 (Iowa 2010). "We will reverse a court's discretionary ruling only when the court rests its ruling on grounds that are clearly unreasonable or untenable." *Id.*

## III.    ANALYSIS.

It is fundamental that when a deed is accepted in compliance with the terms of a real estate contract, the contract is merged in the deed. *Dickerson v.*

---

[3] Though we may not assume a partisan role and undertake a party's research and advocacy, Patyon's failure to submit a brief does not hinder our review or consideration of the issue before us on appeal. *State v. Stoen*, 596 N.W.2d 504, 507 (Iowa 1999).

*Morse*, 212 N.W. 933, 934 (Iowa 1927).  That presumption is subject to "many qualifications, one of which is that collateral agreements or conditions not incorporated in the deed or inconsistent therewith will be deemed to survive for the purpose of enforcement."  *Phelan v. Peeters*, 152 N.W.2d 601, 602 (Iowa 1967) (concluding contract requirement that seller pay paving assessment did not merge into deed).[4]  The burden of proof to show the parties did not intend the contract would merge into the deed is on the party challenging the merger.  *Gray*, 174 N.W. at 590.

Although the district court did not use the term "merger," the ruling implies that the court considered the completion of the sale as a cessation of any right to attorney fees under the terms of the purchase agreement.  The question for our review, therefore, is whether the attorney fee provision of the purchase agreement survived or merged into the deed.

---

[4] *See, e.g.*, *Swensen v. Union Cent. Life Ins. Co.*, 280 N.W. 600, 602-04 (Iowa 1938) (concluding where the contract provided unambiguously for possession upon delivery of the deed—subject to all existing leases, contracts, tenancies or rights of parties in possession—and the deed provided the same, parol evidence was not admissible to assert parties contracted for possession upon expiry of the last lease; the contract had merged into the deed without the additional conflicting term and therefore the grantee took the land subject to the lease); *Huxford v. Trs. of Funds and Donations for Diocese of Iowa*, 185 N.W. 72, 75 (Iowa 1921) (finding where the terms of the deed omitted a condition of the contract requiring grantees to establish and operate a church upon the property, the deed and contract did not merge, and the collateral contract provision was to be enforced); *Gray v. Van Gordon*, 174 N.W. 588, 588 (Iowa 1919) (holding where the contract omitted mention of a lien against the property, and the deed warranted that no liens existed, the contract fully merged with the deed and plaintiffs should have recovered in breach-of-warranty suit); *Carey v. Walker*, 154 N.W. 425, 426-28 (Iowa 1915) (concluding where contract included collateral term providing use of water from a separate parcel of land, which term was omitted from the deed, and where use of water was an essential inducement to the purchase of the land, the water term did not merge into the deed); *Saville v. Chalmers*, 41 N.W. 30, 30 (Iowa 1888) (holding where grantor entered into a purchase contract and made a parol agreement that land was free from alkali and buffalo wallows, contract and parol agreement did not merge into deed upon discovery that the land was mostly alkali and mostly covered with buffalo wallows).

In reviewing a contract, we may engage in interpretation or construction of the contractual terms. Contract "[i]nterpretation involves ascertaining the meaning of contractual words; construction refers to deciding their legal effect." *Fashion Fabrics of Iowa, Inc. v. Retail Investors Corp.*, 266 N.W.2d 22, 25 (Iowa 1978). Where the contract "dispute centers on the meaning of certain . . . terms, we engage in the process of *interpretation*, rather than *construction*." *Walsh v. Nelson*, 622 N.W.2d 499, 503 (Iowa 2001).

> The primary goal of contract interpretation is to determine the parties' intentions at the time they executed the contract. Interpretation involves a two-step process. First, from the words chosen, a court must determine what meanings are reasonably possible. In doing so, the court determines whether a disputed term is ambiguous. A term is not ambiguous merely because the parties disagree about its meaning. A term is ambiguous if after all pertinent rules of interpretation have been considered a genuine uncertainty exists concerning which of two reasonable interpretations is proper.[5]

*Id.* (internal citations and quotation marks omitted).

Payton's petition at law is styled in separate counts for negligent misrepresentation, fraudulent misrepresentation, violation of chapter 558A, and breach of contract.[6] In the breach-of-contract count, Payton alleged "[t]he written Purchase Agreement entered into between the Plaintiff and Defendants . . . required those Defendants to make the disclosures provided for under Iowa Code Ch. 558A, and therefore the Disclosure is incorporated into the Purchase Agreement." He further alleges defendants breached the agreement by violating

---

[5] The court continued, "Once an ambiguity is identified, the court must then choose among possible meanings." *Walsh*, 622 N.W.2d at 503 (internal quotation marks and citations omitted).
[6] *See Jensen v. Sattler*, 696 N.W.2d 582, 588 (Iowa 2005) (noting chapter 558A statutory claims and common law claims may be pursued independently).

the provisions of chapter 558A, causing damage to plaintiff, and the agreement provides the prevailing party is entitled to attorney fees.

The purchase agreement included a paragraph that provided the parties an opportunity to check a box to identify any addendums that were attached to the purchase agreement. "Seller disclosure of property condition" was followed by a checkmark in a box indicating "yes."[7] With the exception of the checkmark, the purchase agreement contains no requirements there be any disclosures.

On our examination of the purchase agreement, we find nothing in its terms that required defendants to make disclosures under Iowa Code chapter 558A. The agreement contains nothing more than an opportunity for the parties to check a box that an addendum was attached that contained a "seller disclosure of property condition." This appears to be simply an acknowledgment by the parties of some effort to show an intention to comply with the requirements of chapter 558A. Chapter 558A requires certain disclosures as required by the statute and in rules adopted by the commission but has no requirement that a purchase agreement contain such disclosures or that a purchase agreement require disclosures; the requirements of disclosure are solely statutory. By way of enforcement, section 558A.6 provides for liability for a violation of chapter 558A. Section 558A.7 provides that the chapter does not limit or abridge any contract between the parties. Thus, parties may agree to make certain disclosures, but they are not required to do so.

---

[7] The disclosure document is not included in our record.

We conclude that the purchase agreement in this case did not contain any term relating to the requirements of chapter 558A. We further conclude the DiGiacomos did not carry their burden to prove that any collateral agreements or conditions survived the merger of the purchase agreement with the deed upon its delivery and acceptance.[8] Accordingly, the remedies paragraph, including the provision for attorney fees, did not survive the merger with the deed. Consequently, even if the jury had concluded Payton was entitled to recovery from the DiGiacomos under some theory, Payton could not have relied on the purchase agreement to support a recovery of attorney fees. The same non-survival of the remedies clause operates to deny the DiGiacomos of the right to rely on the purchase agreement for their claim to recover attorney fees. The fact that Payton brought suit and alleged his right to attorney fees under that provision, and the DiGiacomos defended the claim, does not resurrect the previously merged provision.[9]

---

[8] The facts of this case are distinguishable from *O'Malia v. Regency Builders, Inc.*, in which the court held buyers were entitled to attorney fees under the terms of a purchase agreement after completion of the sale. 668 N.W.2d 568, 569 (Iowa 2003). The purchase agreement was for a newly constructed home built by Regency. *Id.* The agreement provided that the "new construction shall have the warranties implied by law, specifically made by suppliers of materials/appliances, or specifically tendered by the contractor." *Id.* The agreement also stated: "This agreement shall survive the closing." *O'Malia v. Regency Builders, Inc.*, No. 02-0247, 2003 WL 289412, at *2 (Iowa Ct. App. Feb. 12, 2003), *aff'd*, 668 N.W.2d 568 (Iowa 2003). After closing, buyers discovered significant defects in the floor and commenced a lawsuit. *O'Malia*, 668 N.W.2d at 569. Regency then made the repairs. *Id.* The agreement provided: "If the SELLERS fail to fulfill the Agreement . . . [t]he BUYERS shall have the right . . . to proceed in any action at law or in equity, and the SELLERS agree to pay costs and reasonable attorney fees." *Id.* at 569-70. Without discussing merger, the court granted buyers attorney fees reasoning that "getting the property repaired was the direct result of their filing of this suit to enforce the contract." *Id.* at 570.

[9] We note that we are interpreting the terms of this purchase agreement and its particular remedies provision. *Cf. Kinzler v. Pope*, No. 09-1818, 2010 WL 350353, at *2-4 (Iowa Ct. App. Sept. 9, 2010) (holding where contract provided for attorney fees in

**IV.   CONCLUSION.**

We find the purchase agreement merged with the deed.  Thus, the DiGiacomos may not invoke the remedies clause of the purchase agreement in support of their claim for attorney fees.

**AFFIRMED.**

---

"any action or proceeding related to this contract," and the claim relied upon a collateral contract term not merged into the deed, appellee was entitled to attorney fees).