**IN THE COURT OF APPEALS OF IOWA**

No. 15-1044
Filed September 28, 2016

**STEVEN A. KRUMMEN and**
**STACIE L. CORNWALL,**
        Plaintiffs-Appellees,

**vs.**

**W. ERIC WINGER and LOUIS M. WINGER,**
        Defendants-Appellants.
_____

        Appeal from the Iowa District Court for Dickinson County, David A. Lester,

Judge.


        Defendants appeal the district court's grant of summary judgment to

plaintiffs in an action to terminate a contract. **REVERSED AND REMANDED.**



        Stephen F. Avery and Andrea M. Smook of Cornwall, Avery, Bjornstad,

Scott & Davis, Spencer, for appellants.

        Craig S. Krummen and Ryan K. Crayne of Winthrop & Weinstine, P.A.,

Minneapolis, Minnesota, for appellees.



        Heard by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Defendants appeal the district court's grant of summary judgment to plaintiffs in an action to terminate a contract. We determine the district court improperly granted summary judgment as the plaintiffs have not shown they are entitled to judgment as a matter of law on the breach of contract claim. Before plaintiffs can show they are entitled to relief based on the terms of the contract, there must be a determination of whether the contract merged into the warranty deed. We reverse the decision of the district court and remand for further proceedings.

### I.    Background Facts & Proceedings

W. Eric and Lois Winger (the Wingers) owned 149 acres of farmland in Dickinson County. In 2009, they entered into a Wind Energy Lease and Agreement with Lost Lakes Wind Farm, L.L.C. (the Wind Company). The Wind Company constructed a wind turbine on the Wingers' property. The Wingers decided to sell seventy-seven acres of their farmland at an auction held on November 20, 2013. Stacie Cornwall and her father, Steven Krummen (together Cornwall), agreed to purchase the property for $616,000.

The real estate contract for the property provided, "the Sellers shall assign all of the rights and obligations in the 'Memorandum of Wind Energy Lease and Agreement' to the Buyers." The contract provided, "If Sellers fail to timely perform their obligations under this Real Estate Contract, the Buyers shall have the right to terminate this Real Estate Contract and have all payments made returned to the Buyers."

Cornwall paid the Wingers $616,000. The Wingers signed a warranty deed, dated January 10, 2014, which states, "Grantors do hereby assign to the Grantees all of the rights and obligations in the Memorandum of Wind Energy Lease and Agreement." The Wingers were unable to assign Cornwall their rights under the lease for the property they retained due to a provision in the lease prohibiting the wind energy rights from being severed from the property. The Wind Company would only agree to transfer to Cornwall the rights under the lease for the property they purchased.

On August 1, 2014, Cornwall filed a petition against the Wingers claiming there had been a breach of the purchase agreement, real estate contract, and warranty deed, and requesting the termination of the contract.[1] Cornwall filed a motion for summary judgment, which was resisted by the Wingers. The district court granted the motion for summary judgment, finding the Wingers had breached the terms of the contract. Under the terms of the contact, the remedy for a breach was termination, and the court concluded this was an appropriate remedy.

The Wingers' motion pursuant to Iowa Rule of Civil Procedure 1.904(2) was denied by the district court. The Wingers appeal.

## II.    Standard of Review

We review a ruling on a motion for summary judgment for the correction of errors at law. *Des Moines Flying Serv., Inc. v. Aerial Servs. Inc.*, 880 N.W.2d

---

[1] The petition also named The Acre Co. as a defendant in a claim of negligent misrepresentation. The Acre Co. created the written advertisement and conducted the auction for the sale of the Wingers' farmland. The claim against The Acre Co. is not involved in the present appeal.

212, 217 (Iowa 2016). "Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." *Griffin Pipe Prods. Co. v. Bd. of Review*, 789 N.W.2d 769, 772 (Iowa 2010); *see also* Iowa R. Civ. P. 1.981(3). We view the record in the light most favorable to the nonmoving party. *Mason v. Vision Iowa Bd.*, 700 N.W.2d 349, 353 (Iowa 2005).

### III.    Merger

The district court found there was a breach of contract and granted termination of the contract based on its terms. In general, however, "a contract to convey land presumptively becomes merged in the subsequent deed executed in performance thereof and [ ] the deed speaks and the contract is silent as to all matters of conflict between them." *Phelan v. Peeters*, 152 N.W.2d 601, 602 (Iowa 1967). Where a purchase agreement has been merged with the deed, remedies in the purchase agreement do not survive the merger. *Payton v. DiGiacomo*, 874 N.W.2d 673, 678 (Iowa Ct. App. 2015).

There are some exceptions to this rule:

Though it be generally true that in all matters of conflict between them the deed speaks and the contract is silent, yet for some purposes the contract may be and is kept alive and enforceable. For instance if the deed be uncertain and ambiguous in its own terms, resort may be had to the antecedent contract as an aid to construing the terms of the deed. If a mistake in the deed be alleged and reformation be sought, the contract becomes competent as evidence on that question. Likewise if the contract contain collateral agreements or conditions which are not incorporated in the deed, and which are not inconsistent with the terms of the deed as executed, the contract will be deemed to live for the purpose of the enforcement of such collateral agreements or conditions.

*Swensen v. Union Cent. Life Ins. Co.*, 280 N.W. 600, 602 (Iowa 1938) (quoting *Huxford v. Trs. of Diocese of Iowa*, 185 N.W. 72, 74 (Iowa 1921)). A party claiming the contract has not merged into the deed has the burden of showing a merger was not intended. *Lovlie v. Plumb*, 250 N.W.2d 56, 62 (Iowa 1977); *In re Estate of Myers*, 440 N.W.2d 617, 619 (Iowa Ct. App. 1989).

The issue of merger was raised in the Wingers' brief in response to Cornwall's motion for summary judgment, where the Wingers stated, "The doctrine of merger would not eliminate the proration requirement but the contract did merge into the deed." The issue was not further addressed by the parties or the district court.

We determine the district court improperly granted summary judgment to Cornwall because they have not shown they are entitled to judgment as a matter of law on the breach of contract claim. *See* Iowa R. Civ. P. 1.981(3). Before Cornwall can show they are entitled to termination of the contract, there must be a determination of whether the contract merged into the warranty deed. We conclude the ruling on the motion for summary judgment should be reversed and the matter remanded to the district court for further proceedings.

**REVERSED AND REMANDED.**