# IN THE COURT OF APPEALS OF IOWA

No. 24-0976
Filed July 2, 2025

**MICHAEL MORRISEY,**
      Plaintiff-Appellant,

**vs.**

**ALL IOWA HOMES, INC.,**
      Defendant-Appellee.
_____

      Appeal from the Iowa District Court for Boone County, James A. McGlynn, Judge.


      Michael Morrisey appeals from the district court's judgment and post-judgment orders denying his request for attorney fees and requiring him to pay All Iowa Homes, Inc.'s (AIH) costs from the date of AIH's offer to confess judgment through the end of the case. **AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**


      Amanda Hassid, Ames, for appellant.

      Kirke C. Quinn of Law Offices of Kirke C. Quinn, Boone, and F.D. Chip Baltimore II of Doran Anderson & Baltimore, Boone, for appellee.


      Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**SANDY, Judge.**

Michael Morrisey appeals from the district court's judgment and post-judgment orders denying his request for attorney fees and requiring him to pay All Iowa Homes, Inc.'s (AIH) costs from the date of AIH's offer to confess judgment through the end of the case. Morrisey argues that the attorney-fees provisions of the real estate purchase agreement between him and AIH did not merge with the deed and the district court's failure to recognize such led it to miscalculate costs. We affirm in part, reverse in part, vacate in part, and remand to the district court for entry of an order consistent with this opinion.

## I. Background Facts and Proceedings

On March 4, 2019, Morrisey and AIH entered into a real estate purchase agreement for Morrisey's purchase of real property located in Boone, Iowa. That purchase agreement provided that "SELLERS and BUYERS acknowledge that the SELLERS of real property have a legal duty to disclose material defects of which SELLERS have actual knowledge and which a reasonable inspection by the BUYERS would not reveal."

The agreement provides the following remedies:

If the SELLERS fail to fulfill this agreement, they shall pay the BROKER the commission in full. The BUYERS shall have the right to have all payments returned, and/or to proceed by any action at law or in equity, and the SELLERS agree to pay costs and reasonable attorney fees . . . .

It also includes the following survival clause: "The warranties, representations, covenants, agreements, duties and remedies contained herein shall survive the execution and delivery of this agreement, the closing of the transactions contemplated herein and the recording of any contract or deed conveying title."

AIH also provided Morrisey a signed seller disclosure statement on the same date.  That disclosure statement indicated no existing water issues.  AIH provided Morrisey a second disclosure statement on April 1, 2019, which described new water problems that AIH claimed to have pinpointed and remedied.  After closing the transaction and moving in, Morrisey discovered significant electrical issues, water damage and water proofing issues in the basement.

Morrisey subsequently sued AIH, among others, but by his sixth amended petition, narrowed the claims against AIH to violation of Iowa Code chapter 558A (2019) disclosure laws, fraudulent misrepresentation, fraudulent nondisclosure and concealment, and breach of contract.  The other parties and claims against those parties were dismissed with prejudice.

On May 19, 2021, AIH submitted an offer to confess judgment for $10,000 under Iowa Code chapter 677, which was inclusive of costs, attorney fees, and interest.  Morrisey did not accept the offer to confess.  The action proceeded to trial before a jury, and on April 12, 2024, the jury returned a verdict for Morrisey on two claims: breach of contract and failure to disclose an adverse condition.  The jury awarded damages in the amount of $8500.

The district court entered judgment on that verdict on April 15 but did not include pre-judgment interest.  Morrisey filed an application for order nunc pro tunc, requesting pre-judgment interest up to the date of judgment, as well as a motion for pre-offer attorney fees.  AIH also filed an application for order nunc pro tunc, requesting pre-judgment interest up to the date of its offer to confess judgment.  On May 15, the district court entered an order nunc pro tunc assessing pre-judgment interest up to the date of AIH's offer to confess judgment and pre-offer-

to-confess costs at $245, and required Morrisey to pay AIH's costs beginning May 19, 2021, along with an order denying Morrisey's motion for award of attorney fees. The district court held that merger of the purchase agreement with the deed prevented the purchase agreement's attorney-fees clause from allowing an award of attorney fees on the basis of that remedies clause. On May 20, 2024, the district court filed an order regarding AIH's demand per Iowa Code section 624.23, in which it assessed pre-offer-to-confess court costs of $325.

Morrisey filed a motion to reconsider, which was denied, with the district court holding that costs were properly calculated and further denying Morrisey attorney fees.

Morrisey now appeals.

## II. Standard of Review

We review a district court's decision on whether to grant attorney fees for an abuse of discretion. *NevadaCare, Inc. v. Dep't of Hum. Servs.*, 783 N.W.2d 459, 469 (Iowa 2010). We will reverse the district court's award of attorney fees if it is made "on grounds that are clearly unreasonable or untenable," and "will correct erroneous applications of the law." *Id.*

We review the district court's statutory interpretation for correction of errors at law, *Harris v. Olson*, 558 N.W.2d 408, 409 (Iowa 1997), as well as its "interpretation and construction of a contract," *Pitz v. United States Cellular Operating Co. of Dubuque*, 989 N.W.2d 636, 640 (Iowa 2023).

### III. Discussion

Morrisey argues that the attorney-fees provisions of the real estate purchase agreement between him and AIH did not merge with the deed and the district court's failure to recognize such led it to miscalculate costs.

#### A. *Merger of Purchase Agreement and Deed*

A real estate purchase agreement "presumptively becomes merged in the subsequent deed," and the "parties thereafter look only to the deed for conditions of the transfer." *In re Est. of Franken*, 944 N.W.2d 853, 861 (Iowa 2020) (citations omitted). There are "many qualifications," including that conditions not incorporated by or inconsistent with the deed survive merger. *Id.* (citation omitted). Any party challenging merger holds the burden to "show the parties did not intend" for merger. *Payton v. DiGiacomo*, 874 N.W.2d 673, 676 (Iowa Ct. App. 2015).

In *Payton*—a published case—the buyers appealed a district court order denying their request for attorney fees based on the remedies clause of the real estate purchase agreement. *See id.* at 674–75. That remedies clause stated the following:

> **REMEDIES OF THE PARTIES.** If buyer or seller fails to timely fulfill the terms of this agreement, then the other party shall be entitled to utilize any and all remedies or actions at law or in equity which may be available to them (including but not limited to forfeiture, foreclosure, termination, recision, or specific performance), and the prevailing party shall further be entitled to obtain judgment for costs and attorney fees.

*Id.* at 675.

We held that attorney-fees provision, as applied to a violation of chapter 558A[1] in a breach-of-contract claim, would not survive merger when "the purchase agreement . . . did not contain any term relating to the requirements of chapter 558A." *Id.* at 678. In sum, the purchase agreement must expressly state that it protects the buyer from a chapter 558A violation by the seller for the buyer to invoke the agreement's attorney-fees provision in response to any such violation. *See id.* Thus, we found the attorney-fees claim for a breach of those statutory obligations in *Payton* did not survive the merger. *Id.*

Morrisey offers one primary argument[2] in support of his claim that the purchase agreement did not merge with the deed. Morrisey contends that *O'Malia v. Regency Builders, Inc.* is controlling on the merger question. *See* 668 N.W.2d 568 (Iowa 2003). There, the O'Malias had purchased a newly constructed home from a builder. *Id.* at 569. The purchase agreement had provided that the new construction would "have the warranties implied by law, specifically made by suppliers of materials/appliances, or specifically tendered by the contractor." *Id.*

---

[1] Iowa Code section 558A.4(1)(a) requires all real property transferors to provide the transferee with a disclosure "relating to the condition and important characteristics of the property." Chapter 558A creates no statutory right to attorney fees as a remedy.

[2] Morrisey offers one confounding ancillary argument to support this first issue: he argued before both the trial court and now our court that *Payton* is not "controlling legal authority" because it is not a published case. *Payton* is a published case. *See* 874 N.W.2d at 673–78. AIH's counsel and the district court have both extensively explained that the case is published, with the district court even clarifying that "the Court is looking at the hardcover volume 874 of the North Western Reporter, Second Series, and the Court assures counsel that between pages 673 and 678 the *Payton* case appears in full, black-and-white published form." (Cleaned up). We are unsure of how to further convince Morrisey's counsel on this point other than to confirm the accuracy of the district court's statements on the opinion's history within its order in response to Morrisey's motion to reconsider.

After closing, the O'Malias discovered defects in the construction. *Id.* The builder partially paid to repair those defects, and the O'Malias invoked the purchase agreement's attorney-fee clause for the attorney fees associated with enforcing the purchase agreement's terms. *Id.* The supreme court enforced the attorney-fees provision. *Id.* at 570.

In *Payton*, our court distinguished the facts from *O'Malia* by noting that the *O'Malia* purchase agreement expressly provided that the agreement covered express warranties as well as those implied by law. *See* 874 N.W.2d at 678 n.8. But in *Payton*, the purchase agreement "did not contain any term relating to the requirements of chapter 558A" outside of a checkmark in a box indicating the seller disclosure was attached to the purchase agreement. *Id.* at 678.

Here, unlike in *Payton*, the purchase agreement between Morrisey and AIH contains an express clause relating to disclosure requirements. Paragraph 7(B) of the purchase agreement states: "SELLERS and BUYERS acknowledge that the SELLERS of real property have a legal duty to disclose material defects of which SELLERS have actual knowledge and which a reasonable inspection by the BUYERS would not reveal." In *Payton*, the checkbox created no contractual duty by the seller. *See id.* at 677 (finding the checkbox "appear[ed] to be simply an acknowledgment by the parties of some effort to show an intention to comply with the requirements of chapter 558A") Conversely, the clause in the agreement between Morrisey and AIH expands AIH's disclosure duties from mere statutory obligations to both statutory and contractual obligations, hence the jury's finding of both a breach of contract and a violation of chapter 558A. Because AIH's failure to disclose a material defect was a breach of the purchase agreement, the

attorney-fees provision does not merge with the deed, and reasonable attorney fees shall be assessed.

### B. Calculation of Costs

Morrisey next argues that, if we vacate the district court's order denying attorney fees, we must recalculate Morrisey's recovery to determine if his recovery exceeds the $10,000 offered by AIH in its May 19, 2021 offer to confess judgment.

Under Iowa Code section 677.4, a defendant "may offer in court to confess judgment for part of the amount claimed, or part of the causes involved in the action." If the plaintiff does not timely accept the offer, "the offer shall be treated as withdrawn." Iowa Code § 679.9. Iowa Code section 677.10 provides that "[i]f the plaintiff fails to obtain judgment for more than was offered by the defendant, the plaintiff cannot recover costs, but shall pay the defendant's costs from the time of the offer."

Under *NCJC, Inc. v. WMG, L.C.*, "costs" include attorney fees when the "prevailing party is contractually entitled to recover its reasonable attorney fees" from the defendant. 960 N.W.2d 58, 65 (Iowa 2021); *see also* Iowa Code § 625.22(1) (providing that when a written contract allows for attorney fees, those reasonable fees are taxed as "costs"). Thus, reasonable pre-offer-to-confess attorney fees may be included comparing the amount of recovery with the amount of the offer to confess.

And the parties both agree that, if there was no merger, Morrisey's pre-offer attorney fees may be considered when comparing Morrisey's recovery amount with the offer-to-confess amount. The jury returned a verdict assessing damages at $8500. Pre-judgment interest from the date of the petition's filing to the date of

the offer to confess was assessed at $644.52. The district court assessed costs before the offer to confess at $325.

We have reviewed the motion for award of pre-offer to confess attorney fees submitted by Morrisey's counsel and find the billed hours and hourly rate to be reasonable. *See* Iowa Code § 625.24 (requiring an attorney affidavit to be filed prior to any attorney fees being taxed). Because the purchase agreement unambiguously provides that the parties agreed that AIH shall pay costs and reasonable attorney fees for "any action at law or equity," we award Morrisey his requested $18,953 in attorney fees until May 19, 2021. Morrisey also submitted an affidavit attesting to various costs associated with filing fees, service, and expert reports. Our award of reasonable attorney fees should be sufficient to cover those various costs. The total amount of Morrisey's recovery is $28,422.52, which exceeds the amount of AIH's offer to confess, and as the prevailing party, Morrisey is not responsible for AIH's costs following May 19, 2021.

### IV. Conclusion

In sum, we affirm in part and reverse in part the district court's order for judgment on jury verdict, affirming only the portions ratifying the jury verdict. We vacate the district court's May 15, 2024 order nunc pro tunc, May 15, 2024 order denying motion for pre-offer attorney fees, and May 23, 2024 order denying motion to reconsider. We award Morrisey $18,953 in attorney fees and find his total recovery to be $28,422.52. We remand to the district court for entry of an order of judgment consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**